UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Civil Action No.
DENISE MARTIN,

                              Plaintiff,          *Plaintiff Demands A Trial By Jury*

           -against-

NEW YORK STATE, THE NEW YORK STATE          **COMPLAINT**
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, and JEFFREY
RORICK,

                         Defendants.
-------------------------------------------------------------X

      Plaintiff DENISE MARTIN, by her attorneys DeTOFFOL & ASSOCIATES, Attorneys at Law, hereby complains at all times material of the defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff complains against defendants for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and pursuant to *Gibb*, 38 U.S. 715 (1966), violations of the New York State Executive Law §296 et. seq. ("NYSHRL"), and State of New York common laws, seeking recovery for damages to redress the injuries Plaintiff has suffered as a result of defendants' gender based sexual harassment hostile work environment and retaliation.

## JURISDICTION & VENUE

2.      At all times material, plaintiff DENISE MARTIN ("Ms. Martin") is a female individual who resides in the State of New York.

3.      Defendant STATE OF NEW YORK (hereinafter, "NYS") is a public municipal entity, duly organized and existing pursuant to the laws of the State of New York.

4.      Defendant THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (hereinafter, "DOC") is an agency of defendant NYS entity, and otherwise a municipal agency, duly organized and existing pursuant to the laws of the State of New York.

5.      Defendant JEFFREY RORICK is a male individual who resides in the State of New York.

6.      Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Title VII of the Civil Rights Act.  The Court, pursuant to *Gibb*, 38 U.S. 715 (1966), also has supplemental jurisdiction over the Counts based on laws of the State of New York.

7.      Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim, occurred within the Southern District of the State of New York, and that plaintiff was employed by defendants within the Southern District of the State of New York.

8.      On or about October 11, 2016, Plaintiff filed charges with the EEOC against defendants as set forth herein who referred the charge to the U.S. Department of Justice.

9.      On or about September 28, 2017, Plaintiff received a Right To Sue Letter from the U.S. Department of Justice.

10.     This Complaint is being filed within 90 days of receipt of the EEOC Right To Sue Letter.

## BACKGROUND & FACTS

11.     On or around January 10, 2010, Ms. Martin began her employment with NYS and DOC at the Defendants' Bedford Hills Correction Facility located at 247 Harris Road, Bedford Hills, New York 10507 ("Workplace").

12.     In or around October 2015, at the provocation her supervisor, Ms. Martin became involved in a consensual intimate dating relationship with Defendants' employee Jeffrey Rorick, who is a Sergeant ("Sergeant Rorick").

13.     During that dating relationship, Sergeant Rorick requested that Ms. Martin create and provide him with intimate nude photographic images and a video recording of herself.  She complied and expected the images and video to remain private between them.

14.     On or around February 24, 2016, Ms. Martin was informed by co-workers, that at the Workplace they had seen her otherwise private nude images and video, as it was circulated by Sergeant Rorick, and heard of these being published to a wider audience of co-workers at the Workplace.  This had Ms. Martin discontinue participating in the intimate dating relationship.

15.     Immediately thereafter, Ms. Martin complained to the superintendents and managers of the Defendants' Diversity Management department, and Employee Assistance Program department (together, "Defendants' Supervising Departments"), attempting to resolve said issue.

16.     After Ms. Martin's initial complaint to the Defendants' Supervising Departments about the sexual harassment and privacy breach, Ms. Martin first learned from co-

workers that Sergeant Rorick had a history pattern of doing similar things like this concerning his black girlfriends in the Workplace, because he likes to date "ghetto" girls.

17.   Plaintiff was also then treated differently by co-workers with sex-charged jeers, and felt a clear hostility in her work environment, and met with remarks that she  should not have dated a white man, as a black woman.

18.   Ms. Martin repeated her complaints of privacy violation and gender discrimination incidents and the resulting race remarks to Defendants' Supervising Departments

19.    She requested interaction from the aforesaid Departments, yet none occurred, and she was repeatedly blamed for being a black woman dating a white man, thereafter the jeers continued.

20.   In February 2016, as Defendant's lack of action was part and parcel to the hostile work environment, Ms. Martin had to leave the job for several months and returned the week of May 16, 2016.  During that period she followed up with the aforementioned Departments several times complaining of both categories of discrimination and hostility, still with no action or interactive process occurring to remediate the hostility work environment.

21.   Having returned to the Workplace, Ms. Martin remains embarrassed and humiliated at work, and has not been granted any reprieve, reasonable accommodation, or relief in any form from the Defendants' Supervising Departments.  Moreover the violating repeat offender Sergeant Rorick has not been reprimanded in any way, and remains her supervisor as an oppressive hostile form of retaliation against Plaintiff.

22.   Defendants' Supervising Departments completely failed to engage in an interactive process to address, mitigate or remediate the discriminatory events, and

instead retaliated through the promotion of a hostile work environment by allowing it to foment and sustain.

23.     As a result of all the aforementioned, Ms. Martin suffers emotionally and has necessarily sought and requires professional counseling for the stress she endures from the happening of the discriminatory events and the sustained hostility in the Workplace.

24.     Due to Defendants' ongoing sexual harassment, discrimination, retaliation, and wrongful termination, Ms. Martin is experiencing severe anxiety and depression due to the work environment she was forced to endure. This is due to the discriminatory unprofessional, degrading, condescending and hostile treatment towards Plaintiff by Defendants.

25.     No reasonable person should be expected to work under such conditions.

26.     Ms. Martin will also suffer future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

27.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.


**COUNT 1**
**UNDER TITLE VII**
**(Federal Gender/Sex Discrimination)**

28.      Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

29.      Title VII states in relevant part as follows: SEC. 2000e-2. *[Section 703]* (a) "Employer practices It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin ..…".

30.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating and creating a hostile work environment against Plaintiff because of her sex and gender.

## COUNT 2
## UNDER TITLE VII
### (Federal Retaliation)

31.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

32.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

33.     Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## COUNT 3
## FOR DISCRIMINATION UNDER STATE LAW
### (NYS Sex Discrimination)

34.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

35.    Executive Law § 296 provides that

1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

36.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and hostile work environment.

37.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**COUNT 4**
**FOR DISCRIMINATION UNDER STATE LAW**
**(NYS Retaliation)**

38.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

39.    New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

40.    Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

**COUNT 5**
**UNDER STATE LAW**
**(NYS Aid & Abet Liability)**

41.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

42.     New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

43.     Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## COUNT 6
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (NYS Common Law)

44.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

45.     Defendants' behavior was carelessly extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

46.     Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

47.     Defendants caused plaintiff to fear for Plaintiff's own safety.

48.     Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

49.     As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## COUNT 7
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (NYS Common Law)

50.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

51.     Defendants' behavior was intentionally extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

52.     Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

53.     Defendants caused plaintiff to fear for Plaintiff's own safety.

54.     Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

55.     As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands against Defendants on all Counts in an amount which exceeds the jurisdiction of all lower courts and issue:

(a)     An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits

(b)     An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for humiliation, pain and suffering and emotional distress sustained;

(c)     An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

9

(d)    An award of punitive damages in an amount to be determined at trial; and

(e)    Such other and further relief as this Court deems necessary and proper.


## JURY DEMAND

Plaintiff demands a jury on all issues to be tried.


Dated: New York, New York
       December 8, 2017

Yours, etc.,

By: _____

David J. DeToffol, Esq.
DeTOFFOL & ASSOCIATES, Attorneys at Law
125 Maiden Lane -Suite 5C
New York, New York  10038
(212) 962-2220
Attorneys for Plaintiff